By the Court.—Mullin, J.*
The motion should have been made at the special term.
The only motions that can properly be made at the general term in'the absence of some statutory requirement or of "a rule of .the. court, are such as relate to proceedings in the general term, such as prescribing the time and manner of transacting its business, the opening of defaults and vacating, modifying or amending rules and orders entered by its direction, and the proceedings for contempts committed in its presence, and proceedings to punish attorneys and other officers for misconduct in office.
There may be and there probably are other cases besides these in which motions may be made in the general term, but if there are, they do not embrace a motion like the one before us.
*383 But we have the power to hear it, and having heard it, we will decide it, protesting, however, against the case being made a precedent which shall bind us to entertain any similar motion.*
It is manifest that the plaintiff has no right to interest on the penalties as to which the judgment has ■been reversed, except what may result from the literal interpretation of the decision of the court of appeals.
It is equally manifest that the court of appeals never intended to give the plaintiff such interest. To give it would be both unjust and illegal.
Interest is the compensation given by law to the party entitled to a sum of money for its detention by the debtor, after the time of payment has arrived. It is an incident to a debt, and where there is no debt, there is no interest. When the judgment was reversed as to part of the penalties, the right to interest on such part ceased; and no court has power to require the payment of interest where there is no debt, unless it be as a condition for granting a favor to the person to whom the favor is granted.
I have no doubt but that the judgment of the court of appeals allowing such interest, would be. reversed by a court authorized to review it; but there is no such court, nor is it necessary there should be, to enable us to prevent the injustice attempted in this case.
After a verdict is rendered, there is no power in the *384 court to increase or lessen it. There is no way in which the party in whose favor it is rendered can recover interest on it between its rendition and the entry of judgment, unless it is included in the costs ; and hence the courts, to prevent the injustice of depriving a party recovering a verdict of interest while the defendant is reviewing the proceedings on the trial, permitted such interest to be taxed, with the costs (Vredenburg v. Hallet, 1 Johns. Cas., 27; People v. Gaine, 1 Johns., 343; Lord v. Mayor, &c. of New York, 3 Hill, 430, note a).
In 1844 the legislature passed a law (Laws of 1844, ch. 324), by section 2 of which it was provided, that the party in whose favor a verdict was rendered or report of referees made, might tax interest upon the amount of such verdict or report as costs, from the time of obtaining the same to the time of perfecting the judgment therein.
This provision is incorporated in the Code, and is section 310 of the statute.
Although the interest is inserted in the bill of costs, it is not thereby made costs. Costs are defined by section 303 of the Code as compensation allowed to -the prevailing party by way of indemnity for his expenses in the action. It is this allowance made to the plaintiff in the supreme court that the court of appeals held the plaintiff entitled to, together with the interest on the single penalty, as to which judgment was affirmed.
The plaintiff not being entitled to the interest on the penalties as to which judgment was reversed, the decision of the court of appeals should not be so construed as to give it, unless it is susceptible of no other interpretation.
It is doing no violence to the language of the decision to construe the word costs, as meaning that portion of the amount embraced in the bill of costs which are commonly known as attorney’s costs.
*385 This was unquestionably the sense in which it was used by the court.
It is said this construction would deprive the plaintiff of the interest on the penalty to which he was held entitled. The answer is, that his right to the interest on that penalty does not rest on the decision of the court, but upon the statute.
The court could not give the plaintiff any right to interest after deciding he had no legal right to the principal.
Let an order be entered that the sheriff, upon payment to him of his fees and the amount due on the execution, except the interest on the penalties as to which the judgment was reversed by the court of appeals, return the same satisfied, and the clerk enter satisfaction of the said judgment of record, without costs to either party.

 Present, Mullís, P. J., Johnson and Talcolt, JJ.

His Honor was under a misapprehension in respect to the previous proceedings. This particular case never was in the court of appeals; on the contrary, the judgment of the circuit was modified at a previous general term of this court, held at Buffalo, in January, 1873, in accordance with the decisions reported in 46 N. Y., 644. This motion was for a construction of the general term’s own judgment, and hence was properly made at the general term, within, the rule just laid down by the learned judge. The motion was noticed for a special term, and the special term ordered it to stand over and be heard at a general term. This note is made by the counsel for both parties.